## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

Florence R. Parker Chailla,

          Relator, et al.

Vs.
001199

Docket No. 3-16-cv-

**<u>Motion For Contempt of Court for Submitting False Facts Into Court Which it Relied Upon and Entered in its May 1, 2017 Order</u>**

Navient, et al.

      Defendants.

Contempt of court is an act of disobedience or disrespect towards the judicial branch of the government, or an interference with its orderly process. It is an offense against a court of justice or a person to whom the judicial functions of the sovereignty have been delegated. Because different substantive and procedural rules apply to civil and criminal contempts, distinctions between the two forms of contempt are important. "Criminal contempt is a crime in the ordinary sense," *Bloom v. Illinois*, 391 U.S. 194, 201 (1968), and "criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." *Hicks v. Feiock*, 485 U.S. 624, 632 (1988). These constitutional protections include the right (1) not to be subject to double jeopardy, *see United States v. Dixon*, 509 U.S. 688, 695 (1993); *In re Bradley*, 318 U.S. 50 (1943); (2) to receive notice of the charges,

(3) to receive assistance of counsel; (4) to receive summary process; (5) to present a defense, *Cooke v. United States*, 267 U.S. 515, 537 (1925); (6) not to self-incriminate oneself, and (7) to proof beyond a reasonable doubt, *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 444 (1911). For serious criminal contempts involving imprisonment of more than six months, these protections include the right to a jury trial. *Bloom*, 391 U.S. at 199.

While this FCA Qui Tam suit is civil in nature, the level of harm suffered by Relator at the hands and hearts of those who submitted false facts into the court without correction or a meaningful investigation borders more on criminality, therefore, it is the more appropriate view under these circumstances invidious legal discrimination and facts.

Further, Connecticut law authorizes judges to award double or triple damages to a party who is subjected to a vexatious suit or defense. While not binding on other courts, we found a Superior Court opinion that ruled that a prejudgment remedy application is not a civil action for purposes of the vexatious litigation statute.

Courts can also sanction attorneys for violating the Rules of Professional Conduct and attorneys can be subject to grievances for their violations.
Other remedies for misconduct include a common law action for abuse of process, vexatious suits, or slander of title.

## VEXATIOUS SUITS OR DEFENSES

Connecticut has a general statute on vexatious suits or defenses. A person who commences and prosecutes a civil action or asserts a defense without probable cause is liable for double or triple damages. If the action lacks probable cause, the other person will receive double damages, and if the action is also malicious and brought with the intent to vex and trouble, the other person will receive triple damages (CGS § 52-568). A person lacks probable cause if he or

she lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted. Malice is acting with an improper purpose, which is a purpose other than to secure the proper adjudication of the claim (*DeLaurentis v. City of New Haven*, 220 Conn. 225 (1991)).

A Superior Court opinion held that a prejudgment remedy application is not a civil action for purposes of the vexatious litigation statute. The court stated that adjudicating the application is not part of the proceedings ultimately to decide the validity and merits of the cause of action. It is primarily designed to prevent dissipating assets. It decided that denying an application is not a final adjudication on the merits of the action and the application is not a civil action on which a cause of action for vexatious litigation can be based (*Bernard-Thomas Building Systems, Inc. v. Dunican*, CV 04-4004060 S, January 18, 2006, Judge Skolnick). This opinion is not necessarily binding on other courts however.

## PRACTICE BOOK RULES

Allegations or denials made without reasonable cause and found to be untrue subject the pleading party to the payment of reasonable expenses necessarily incurred by the other party due to the untrue pleading. But no expenses for counsel fees can exceed $10 for any one offense (CGS § 52-99). The Practice Book also uses this rule but provides that counsel fees will not exceed $500 (P.B. § 10-5). The Practice Book is usually controlling in areas involving the court's inherent authority to supervise the conduct of attorneys appearing before it. Other Practice Book rules with sanctions include those governing:

1. amending pleadings or other parts of the record or proceedings (P.B. 10-60);
2. amendments when there is a material variance between allegations and proof (P.B. 10-62);
3. interrogatories, disclosure, and discovery orders (P.B. 13-14);
4. failure to admit the genuineness of a document or the truth of a matter in one (P.B. 13-25); and
5. affidavits made in bad faith (P.B. 17-48).

The Rules of Appellate Procedure subject a party to sanctions for presenting unnecessary or unwarranted motions or opposition to motions, frivolous appeals or issues on appeal, and frivolous defenses or defenses on appeal. Either a party or the court can raise this issue. A hearing must be held and the court has discretion to impose discipline, including prohibiting the attorney's appearance in court or filing papers in court for a reasonable period of time; imposing a fine; and ordering payment of costs, expenses, and attorney's fees to the opposing party (Practice Book § 85-2). Other rules can sanction conduct before the Appellate Court and Supreme Court.

In this instance as well, the U.S. Department of Justice has multiple options on how it may handle its attorney personnel who enter, use and allow the Court to rely upon false facts entered to influence the outcome of this Relator FCA Qui Tam suit, specifically, it may:

> The United States Attorney, within his/her district, has plenary authority with regard to federal criminal matters. This authority is exercised under the supervision and direction of the Attorney General and his/her delegates.

> The statutory duty to prosecute for all offenses against the United States (28 U.S.C. § 547) carries with it the authority necessary to perform this duty. The USA is invested by statute and delegation from the Attorney General with the broadest discretion in the exercise of such authority.

With its authority, discretionary power, and responsibilities of the United States Attorney with relation to criminal matters encompass without limitation by enumeration the following:

- Investigating suspected or alleged offenses against the United States, see USAM 9-2.010;
- Causing investigations to be conducted by the appropriate federal law enforcement agencies, see USAM 9-2.010;
- Declining prosecution, see USAM 9-2.020;
- Authorizing prosecution, see USAM 9-2.030;
- Determining the manner of prosecuting and deciding trial related questions;
- Recommending whether to appeal or not to appeal from an adverse ruling or decision, see USAM 9-2.170;
- Dismissing prosecutions, see USAM 9-2.050; and
- Handling civil matters related thereto which are under the supervision of the Criminal Division.

Additionally, it may pursue Offenses Related To Obstruction Of Justice Offenses. Within the purview of the *obstruction of justice* statutes may enforce or investigate using one or more of the following statutes:

18 U.S.C. § 241--conspiracy to injure or intimidate any citizen on account of his or her exercise or possibility of exercise of Federal right (overlap with 18 U.S.C. §§ 1503, 1510, 1512, and 1513). Under 18 U.S.C. § 241, it is a Federal offense to conspire to injure a citizen for having exercised a Federal right or to conspire to intimidate a citizen from exercising a Federal right. One such right is the right to be a witness in a Federal court, *United States v. Dinome*, 954 F.2d 839, 845 (2d Cir.), *cert. denied*, 506 U.S. 830 (1992); *United States v. Thevis*, 665 F.2d 616, 626 (5th Cir.), *cert. denied*, 456 U.S. 1008, *and cert. denied*, 458 U.S. 1109, *and cert. denied*, 459 U.S. 825 (1982); or other Federal proceeding, *United States v. Smith*, 623 F.2d 627, 629 (9th Cir. 1980). "So is the right to inform Federal officials of violations of Federal laws." *Id.*

18 U.S.C. § 245(b)(1)(D), (2)(D), (4)(A), and (5)--intimidating or retaliating against individuals on account of their serving or possibly serving as a grand or petit juror in a Federal court (overlap with 18 U.S.C. § 1503) or on account of their serving or possibly serving as a grand or petit juror in a state court if the conduct is motivated by the race, color, religion, or national origin of the victim.

18 U.S.C. §§ 371 and 372--conspiracies to commit any offense against the United States, or to prevent or retaliate in response to the lawful discharge of the duties of Federal officers (overlap with 18 U.S.C. §§ 1503, 1505, 1510, 1512, and 1513). *see generally United States v. Frankhauser*, 80 F.3d 641, 653 (1st Cir. 1996) (conspiracy to persuade witness to destroy or conceal evidence for use in an official proceeding); *United States v. Fullbright*, 69 F.3d 1468, 1472 (9th Cir. 1995) (conspiracy to mail arrest warrants to a United States Bankruptcy Judge); *United States v. Mullins*, 22 F.3d 1365, 1367 (6th Cir. 1994) (conspiracy to alter flight log books of police officers to prevent information from reaching the grand jury); *United States v. Jeter*, 775 F.2d 670, 683 (5th Cir. 1985) (conspiracy to obtain secret grand jury information), *cert. denied*, 475 U.S. 1142 (1986).

18 U.S.C. § 401--contempt of court (overlaps with 18 U.S.C. § 1503). Contemptuous conduct in the presence of the court is specifically covered by 18 U.S.C. § 401; however, such conduct may also satisfy the elements of 18 U.S.C. § 1503. In that situation, a defendant may be charged under 18 U.S.C. § 1503 even though the offense conduct occurred in the presence of the court. *See, e.g.*, *United States v. Jones*, 663 F.2d 567, 569 (5th Cir. 1981) (threat directed at judge and prosecutor).

18 U.S.C. § 1001--false statements and concealment of material facts before Federal departments and agencies (overlap with 18 U.S.C. § 1505).

18 U.S.C. §§ 1621 to 1623--perjury, subornation of perjury, and false declarations before grand juries and courts (overlap with 18 U.S.C. §§ 1503, 1505, and 1512). It has been held by at least one court that simple perjury, the assertion of a false affirmative statement by an individual testifying under oath, is not an obstruction of justice under the omnibus clause of 18 U.S.C. § 1503. *See United States v. Faudman*, 640 F.2d 20, 23 (6th Cir. 1981); *United States v. Essex*, 407 F.2d 214, 218 (6th Cir. 1969). B*ut see United States v. Griffin*, 589 F.2d 200, 203, 204 (5th Cir.) (dicta), *cert. denied*, 444 U.S. 825 (1979); *cf. Smith v. United States*, 234 F.2d 385 (5th Cir. 1956) (submission of false affidavits of others violates omnibus clause).

Additionally, it may employ the Federal Government Ethics Act Misconduct – Self-dealing and its own sensitive matters, i.e., race used to preclude being heard on a FCA Qui Tam suit[1]. As well as the tried and true Attorney Ethics Lack of Candor Towards the Tribunal Rule 3.3[2]. The problems here, the court relied and acted on the false facts to the detriment of Relator's claims and rights to be heard. In other words there was not to the best of Relator's knowledge or belief that there was any effort on the part of the preparer, approver, signer and filer to fully investigate to determine the truth or veracity of the incorrect fact before he or she filed the March 2017 motion until today. The desire and substantial certainty appears intentional if not grossly negligent with a reckless disregard for the rights of others to assert suits in courts be he or she favored or not and whether or not a suit involves parties it seeks to covert to the denial of another's rights.

However, if simple perjury is accompanied by other obstructive, truth-suppressing acts, an omnibus clause offense may exist. In *United States v. Alo*, 439 F.2d 751 (2d Cir.), *cert. denied*, 404 U.S. 850 (1971), the court held that evasive testimony, such as a false denial of knowledge or memory, was included within the coverage of the omnibus clause of 18 U.S.C. §

---

[1] The United States Attorney should keep the Criminal Division apprised of all developments in sensitive criminal matters, particularly those which may generate questions to the Criminal Division or higher authority. See USAM Chapters 1-13.000, Urgent Reports, and 1-14.000, Notice to the Deputy Attorney General Required for Certain Criminal and Affirmative Civil Resolutions.

[2] **Rule 3.3 - Candor Toward The Tribunal -** (a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal.

1505. The court rejected the argument that the clause proscribed only those efforts that interfered with other witnesses or documentary evidence. *Id.* at 754.

This reasoning applies as well to the omnibus clause of 18 U.S.C. § 1503. *Griffin*, 589 F.2d at 203-05 (false denial of knowledge and memory before grand jury); *United States v. Cohn*, 452 F.2d 881, 883-84 (2d Cir. 1971) (same), *cert. denied*, 405 U.S. 975 (1972).

Suborning perjury, 18 U.S.C. § 1622, may also be an 18 U.S.C. § 1503 omnibus clause offense. *SeeGriffin*, 589 F.2d at 203 (construing *United States v. Partin*, 552 F.2d 621, 630-31 (5th Cir.), *cert. denied*, 434 U.S. 903 (1977); *Catrino v. United States*, 176 F.2d 884, 886-87 (9th Cir. 1949). While section 1622 requires proof that perjury was in fact committed, *see, e.g., United States v. Brumley*, 560 F.2d 1268, 1278 n.5 (5th Cir. 1977), the omnibus clause of section 1503 does not and thus may be used to prosecute attempts to suborn perjury. *See Catrino*, 176 F.2d at 886-87.

**IN CONCLUSION**

Relator requests that this Court exercise what it deems appropriate, necessary, fair and corrective in this matter had under its jurisdiction.

It is further requested that it to set this matter right in the eyes of the law, public and peoples similarly affected by tainted judicial processes and procedures.

Dated: June 19, 2017

Respectfully submitted

*Florence R. Parker Chailla*

Florence R. Parker Chailla, J.D.
P.O. Box 1111
Stroudsburg, PA 18360
Tel: 570 534-7082
Email: thebusiness2@yahoo.com

## CERTIFICATION

The above allegations are true to the best of my belief and knowledge.  I make these disclosures as a Supplemental Complaint having core issues with the filed Original and Amended Complaints in this docketed matter 3-16-CV-001199.

I am aware if any of the foregoing statements made herein are willfully false I may be subject to punishment.

Dated:  June 19, 2017
Respectfully submitted,

_____/s/_____

Relator
P.O. Box 1111
Stroudsburg, PA 18360
Tel: 570 534-7082
Email: thebusiness2@yahoo.com

# CERTIFICATE OF MAILING

I affirm that today, I have mailed using First Class U.S. Postal Mail, email or fax the Motion to

Supplement Complaint and the Proposed Complaint to the below named Attorney Generals.  I am aware

that if any of the foregoing statements made herein are false, I will be subject to punishment.

William Collier, Esq., USDOJ
Attorney General of the United States
U.S. Dept. of Justice
450 Main St., Room 328
Hartford, CT 06103
William.collier@usdoj.gov

New York Attorney General
Eric Schneiderman, AG
The Capitol - Albany Office
The Capitol Albany, NY 12224-0341
Fax 212 416-6087

Florida Attorney General
Attn.  Russell Kent, Esq.
Office of AG
State of Florida
The Capitol PL-10
Tallahassee, FL 32399-1050
Fax: 850 488-4872

Connecticut Attorney General
George Jespen, Attorney General
55 Elm Street
Hartford, CT 06106
Fax: 860 808-5387

California Attorney General
The of Attorney General's Office
California Department of Justice
Attn. Jacqueline Dale, Esq., False Claims Unit
455 Golden Gate Ave., Ste. 11000
San Francisco, CA 94102-7004
Fax: 916 323-5341

U.S. Department of Justice
Legal Counsel's Office
Executive Office for U.S. Attorneys (EOUSA)
Bicentennial Bldg., Room 2200
600 E. Street, NW
Washington, DC 20530

The Honorable Kathleen Tighe, Inspector General
550 12th Street, S.W.; Washington, D.C. 20024
Main Phone Number: (202) 245-6900
Hotline Number: (800) 647-8733

Robin C. Ashton, Counsel
Office of Professional Responsibility
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

June 19, 2017
Respectfully Submitted

_____/s/_____

Relator
P.O. Box 1111
Stroudsburg, PA 18360
Tel: 570 534-7082